**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3437
_____

UNITED STATES OF AMERICA

v.

FREDDYS BARRERA PAULINO,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-13-cr-00107-001)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit LAR 34.1(a)
April 29, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Opinion Filed:  May 19, 2015)
_____

OPINION*
_____

HARDIMAN, *Circuit Judge*.

    Freddys Barrera Paulino appeals the District Court's judgment of conviction and

sentence. Paulino's counsel has filed a motion to withdraw pursuant to *Anders v.*

---

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

*California*, 386 U.S. 738 (1967). We will grant counsel's motion and affirm the District Court's judgment.

## I

Paulino pleaded guilty to one count of heroin distribution in violation of 21 U.S.C. § 841(a)(1). After some back-and-forth between the prosecution and Paulino, Paulino's offense level under the United States Sentencing Guidelines was determined to be 18, yielding a Guidelines range of 27 to 33 months' imprisonment. The District Court sentenced Paulino to 24 months of imprisonment. In sentencing Paulino below his Guidelines range, the Court stated that it was swayed by Paulino's sentencing memorandum, which "persuasively addressed" the sentencing factors set forth in 18 U.S.C. § 3553(a) in arguing for a downward variance. App. 35.

Paulino filed this timely appeal, and his counsel moved to withdraw.[1]

## II

When counsel moves to withdraw, we ask whether counsel's brief adequately fulfills the *Anders* requirements and whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id.* Counsel identified two potential grounds for appeal—the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

2

voluntariness of Paulino's plea and the reasonableness of his sentence—and argued that they both lack merit. Upon receipt of counsel's *Anders* motion, Paulino filed a pro se brief raising an additional argument based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The first issue counsel identifies is an argument that Paulino's guilty plea was not knowing and voluntary, as is constitutionally required. *See, e.g.*, *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969). A sentencing court may not accept a guilty plea until it explains to the defendant the rights he gives up by pleading guilty and confirms that the defendant understands that he is waiving those rights. Fed. R. Crim. P. 11(b). Counsel asserts, and we agree, that the District Court fulfilled this requirement by conducting, on the record, a colloquy in which Paulino asserted that he understood the nature of his crime, the maximum potential sentence he faced, and the rights he was giving up by pleading guilty.[2]

The next issue counsel identifies is the reasonableness of Paulino's sentence. We review a district court's sentencing decision for abuse of discretion and will affirm a sentence imposed "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc). Here, Paulino was

---

[2] Paulino, who speaks Spanish, was provided an interpreter throughout all relevant proceedings, and the plea agreement he signed was translated from English to Spanish.

sentenced to 24 months, which was below his Guidelines range of 27 to 33 months. In so doing, the District Court was persuaded by Paulino's arguments based on the sentencing factors in § 3553(a). Although it did not explicate its reasoning aside from stating that it found Paulino's arguments persuasive, it is clear that the Court gave the sentencing factors their requisite consideration—indeed, but for its consideration of those factors, Paulino would not have received a downward variance. Given the deferential abuse-of-discretion standard governing this issue, and that Paulino received a below-Guidelines sentence for reasons that are clear from the record, we agree with counsel that any appeal of his sentence on reasonableness grounds would be frivolous.

In his pro se brief, Paulino argues that his sentence violated *Apprendi* because it was based on a fact—the quantity of heroin involved in his crime—that was not found by a jury or included in his plea agreement. Paulino is mistaken on the law. *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The drug quantity in this case did not result in a sentence beyond the statutory maximum of 20 years. 21 U.S.C. § 841(b)(1)(C). Instead, it affected only his non-binding Guidelines range, rendering *Apprendi* inapplicable. *United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir. 2001) (en banc) ("[A]n *Apprendi* violation only occurs if the drug quantity is not found by a jury beyond a reasonable doubt *and the defendant's sentence under § 841 exceeds 20 years*." (emphasis added)). This argument too is frivolous.

4

III

We conclude that counsel's brief meets the requirements of *Anders*. Our independent review of the record, and our consideration of Paulino's pro se brief, confirms counsel's view that there are no nonfrivolous issues on appeal. Therefore, we will grant counsel's motion to withdraw and affirm the District Court's judgment. Because the issues presented on appeal lack legal merit, counsel is not required to file a petition for writ of certiorari with the United States Supreme Court under Third Circuit Local Appellate Rule 109.2(c).